IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BENJAMIN KEYWANFAR, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SILVERLEAF FINANCIAL, a Utah limited liability company, ACM SILVERLEAF III B, a Florida limited liability company, D. SHANE BALDWIN, an individual,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFAULT JUDGMENT<br><br><br>Case No. 2:12-CV-602 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff's Motion for Default Judgment.[1] For the reasons discussed below, the Court will grant Plaintiff's Motion.

I. BACKGROUND

This action was filed in June 2012. Trial was set to begin on January 13, 2014.[2] On January 6, 2014, Defendants did not appear at the final pretrial conference. On January 21, 2014, Plaintiff filed this Motion for Default Judgment, to which Defendants failed to respond. On February 27, 2014, the Court entered an order to show cause, directing Defendants to show cause in writing why they failed to appear at the pretrial conference and why judgment should not be entered.[3] Defendants failed to respond. The Court now considers Plaintiff's Motion for Default Judgment.

---

[1] Docket No. 34.
[2] Docket No. 28.
[3] Docket No. 35.

1

## II. DISCUSSION

Plaintiff moves for default judgment as a result of Defendants' failure to appear at the final pretrial conference and failure to communicate with the Court. Rule 16(f) of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference."[4] Rule 37 permits courts to issue "just orders" including orders "rendering a default judgment against the disobedient party."[5]

In *Ehrenhaus v. Reynolds*,[6] the Tenth Circuit noted that "[b]efore choosing dismissal as a just sanction, a court should ordinarily consider a number of factors."[7] These factors include (1) the degree of actual prejudice to the opposing party, (2) the amount of interference with the judicial process, (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.[8] "Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is dismissal an appropriate sanction."[9] While these factors do not constitute a rigid test, they do represent considerations courts should evaluate on the record.[10]

---

[4] Fed. R. Civ. P. 16(f)(1).

[5] *Id.* (b)(2)(A)(vi).

[6] 965 F.2d 916 (10th Cir. 1992).

[7] *Id.* at 921.

[8] *Id.*

[9] *Id.* (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1520 (10th Cir. 1988)).

[10] *Id.*

First, Plaintiff has been prejudiced by Defendants' failure to defend this action. Defendants' actions, including their failure to appear at the final pretrial conference, have prejudiced the Plaintiff by causing delay and increasing attorneys' fees. Without Defendants' appearance and participation, Plaintiff has been unable to proceed with this litigation. As to the second factor, for essentially the same reasons, the Court finds that Defendants' have interfered with the judicial process.

Third, the Court finds that Defendants are culpable. On February 27, 2014, the Court ordered "Defendants [to] show cause in writing, within fourteen (14) days as to why they failed to appear at the pretrial conference and why judgment should not be entered."[11] Defendants have not done so.

Fourth, the Court warned that sanctions would be imposed, including that judgment would be entered if Defendants failed to show cause. The Court warned Defendants what was required of them and the consequences, yet Defendants have taken no action to date. Finally, the Court finds that lesser sanctions would not be adequate as Defendants have failed to participate in this action and there is no indication that they intend to do so.

Considering these factors, the Court finds that dismissal and judgment in favor of Plaintiff is appropriate.

### III. CONCLUSION

It is therefore ORDERED that Plaintiff's Motion for Default Judgment (Docket No. 34) is GRANTED. The Clerk of this Court is directed to enter judgment in favor of Plaintiff and

---

[11] Docket No. 35, at 2.

against Defendants on all claims and close this case forthwith. The Court will set this matter for a hearing to determine damages by separate notice.

DATED this 3rd day of April, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge